UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SILVIA JOYCE JOHNSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:23-cv-01532 (UNA) |
| DAVID D. SMITH, | ) ) ) | |
| Defendant. | ) ) | |

**<u>MEMORANDUM OPINION</u>**

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will deny plaintiff's IFP application and dismiss the complaint.

At the outset, the court notes that plaintiff's IFP application, which is also attached, in part, to the complaint, *see* Compl. at 5, is insufficient. The majority of the IFP application is blank, aside from plaintiff's contention that she receives income from several different sources, though she provides no additional detail relating thereto. Consequently, with little to no information regarding plaintiff's current financial circumstances, the IFP application must be denied.

Plaintiff faces additional hurdles that she cannot overcome here. She sues a single individual, David D. Smith, but provides no contact information for him, in contravention of D.C. Local Civil Rule 5.1(c)(1). More, the complaint is incomprehensible, containing a hodgepodge of vague and unconnected sentence fragments, in contravention of Federal Rule 10(b).
It consists of unintelligible *non-sequiturs* and fails to identify the relief sought or any basis for this court's subject matter jurisdiction. No discernable facts, context, or legal authority are provided.

Notably, *pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls within this category. As presented, neither the court nor the defendant can reasonably be expected to identify plaintiff's claims, if any.

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: 6/7/2023

TREVOR N. McFADDEN
United States District Judge